# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRACY A. MAY,
                        Appellant,

            v.

DEPARTMENT OF THE AIR FORCE,
                        Agency.

DOCKET NUMBER
DA-0752-14-0126-I-1

DATE: August 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tracy A. May</u>, El Reno, Oklahoma, pro se.

<u>Jamie L. Sagehorn</u>, Tinker AFB, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a reduction in grade to a non-supervisory position.  For the reasons discussed below, we GRANT the agency's petition for review, AFFIRM the administrative judge's findings on the merits of the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

charges and on the nexus between the appellant's misconduct and the efficiency of the service, REVERSE the decision to mitigate the penalty, and SUSTAIN the appellant's removal.

¶2       The agency removed the appellant from her position as a GS-06 Supervisory Education and Training Technician at the Tinker Air Force Base Child Development Center based on two charges: disregard of a directive, and negligence. Initial Appeal File (IAF), Tab 5 at 14, 16-17. Specifically, the agency charged that the appellant negligently administered the wrong prescription medicine to one of the children under her care and then failed to follow an agency directive requiring her to notify the acting director of the center and the parents of the child involved of her mistake. *Id.* at 28. She filed an appeal of her removal and subsequently waived her right to a hearing. IAF, Tabs 1, 7.

¶3       In an initial decision on the written record, the administrative judge determined that the agency proved its charges, but she determined that, because the agency failed to show that the deciding official gave adequate consideration to the relevant *Douglas* factors,[2] its choice of penalty was not entitled to deference. IAF, Tab 12, Initial Decision (ID) at 2-7, 10. In that regard, the administrative judge found that the deciding official's analysis of the *Douglas* factors failed to show that he had given serious consideration to a lesser penalty or to the appellant's potential for rehabilitation and further found it "difficult if not impossible to understand the [deciding official's] statement that the appellant's actions 'broke the trust that is required of all childcare employees,'" in light of the fact that following the incident, "the agency allowed the appellant to continue in her supervisory position and even retrained her the following day on administering medicines to the children in her care." ID at 10-11 (quoting IAF, Tab 10 at 7). Thus, considering the applicable *Douglas* factors, the administrative judge determined that a demotion was the maximum reasonable

---

[2] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

penalty for the sustained charges and she mitigated the penalty to a reduction in grade to a GS-05 non-supervisory position. ID at 12-13.

¶4        In its timely-filed petition for review, the agency argues that, contrary to the administrative judge's findings, the deciding official thoughtfully considered the relevant *Douglas* factors. Petition for Review (PFR) File, Tab 1 at 7-8. The agency also argues that the administrative judge improperly made credibility determinations without a hearing, erroneously found that the penalty of removal was beyond tolerable limits of reasonableness, erroneously considered evidence not in the record, and confused argument with evidence in a manner that materially affected the initial decision. *Id.* at 8-10. Ultimately, the agency contends that the administrative judge erred in mitigating the penalty.

¶5        Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶6        With its petition for review, the agency includes evidence regarding interim relief, a sworn statement from the director of the Child Development Center, and a copy of its table of penalties. PFR File, Tab 1 at 12-20. Regarding the sworn statement and the table of penalties, under 5 C.F.R. § 1201.115, the Board will

generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. Both of these items appear to have been available before the close of the record below and the agency fails to address their availability in its petition for review. Moreover, the sworn statement appears to be offered in rebuttal. *See* PFR File, Tab 1 at 14. Such evidence is not generally considered new and material. *E.g.*, *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). Nevertheless, the same individual offered a similar statement as part of the agency's presentation in the appeal below, IAF, Tab 10 at 12-14, and, as the following discussion indicates, it differs significantly from the administrative judge's findings, especially regarding what duties the agency allowed the appellant to perform after the incident at issue and the implications thereof, *see* ID at 11-12.

¶7 In a situation like this, where there has been no hearing and the administrative judge's findings are therefore not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues. *Haebe v. Department of Justice,* 288 F.3d 1288, 1302 (Fed. Cir. 2002). Because the appellant waived a hearing in this matter, IAF, Tab 7, the administrative judge's findings regarding the facts of this case and the deciding official's consideration of the *Douglas* factors were not based on her observation of witnesses' demeanor. Thus, where justified by the record, the Board may substitute its factual findings for those of the administrative judge.

¶8 The administrative judge found that the agency's actions following the incident at issue undermined the deciding official's assessment of the appellant's rehabilitative potential because, as noted above, rather than place the appellant on administrative leave, it instead let her continue in her supervisory position, and retrained her on the procedures for administering medicines. ID at 11. By contrast, the center director asserted in her earlier sworn statement that the

agency restricted the range of duties which it allowed the appellant to assume after the incident, limiting her to coordinating staff breaks and lunches, and performing administrative tasks such as taking hourly counts in each classroom, and the center director makes clear that the appellant was not allowed to administer medicine upon her return to work. IAF, Tab 10 at 13. Thus, contrary to the administrative judge's implied finding that the agency allowed the appellant to more or less assume her regular duties following the incident at issue, the record instead indicates that the agency acted consistently with the deciding official's statement that the appellant had lost the agency's trust and that her duties were curtailed as a result.

¶9   Additionally, even though the administrative judge correctly noted that the agency did not charge the appellant with being untruthful regarding the events at issue or with intentionally failing to follow the agency directive requiring her to notify the parents of the child who mistakenly received another child's prescription medicine, these facts are important to the penalty determination and the record reflects that the deciding official considered them in that context. For example, the first *Douglas* factor involves the question of whether the offense at issue was intentional, *Douglas*, 5 M.S.P.R. at 305, and the deciding official indicated in her consideration of that factor that she found the appellant's act of not reporting the incident was intentional, IAF, Tab 5 at 18. As the following discussion indicates, we agree with the deciding official that the appellant acted intentionally, and that her actions are a severely aggravating factor.

¶10   Although the appellant consistently claimed that she did not realize her mistake until after she returned from lunch, *see, e.g.*, IAF, Tab 5 at 20, 24, 31, contemporaneous eyewitness accounts indicate that two of her colleagues informed the appellant of her mistake at the time it occurred, and that she immediately gave the child involved the correct medication, *id.* at 37, 40. Thus, the appellant's statement that she did not realize that she had made the mistake at issue until after she returned from lunch is simply not credible. Nevertheless,

rather than notify the center director or, as the agency directive specifically requires, the parents of the child who erroneously received the wrong medication, *see*, IAF, Tab 5 at 47, the record instead indicates that the appellant spoke with the center director to request an early lunch, but she failed to tell the center director about the incident that had just occurred, *see* IAF, Tab 10 at 12, Tab 5 at 31.  Moreover, given that the appellant was told of her mistake right after it happened, her failure to notify the center director and to instead ask for an early lunch, all the while keeping her mistake to herself, more than justifies the deciding official's opinion that the appellant could no longer be trusted and did not exhibit potential for rehabilitation.  IAF, Tab 10 at 7, Tab 5 at 19-20.

¶11　　　Under all of these circumstances, we find that the deciding official adequately considered the relevant *Douglas* factors and that the penalty of removal falls within the tolerable limits of reasonableness.  Accordingly, we REVERSE the mitigation and SUSTAIN the appellant's removal.  This constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                               William D. Spencer
                               Clerk of the Board

Washington, D.C.